**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00268-PAB-GPG

Bernardo Medina,

     **Plaintiff,**

     v.

Christopher Danaher, in his individual capacity;
Robert Shiflett, in his individual capacity;
John/Jane Does 1-7 or more, all in their individual capacities,

     **Defendants.**

---

**AMENDED COMPLAINT AND JURY DEMAND**

---

The Plaintiff, by and through its attorneys, Richmond Law Firm, LLC, for its claim against the

Defendants states as follows.

**PRELIMINARY STATEMENT**

1. Plaintiff is an American citizen.

2. Plaintiff was snatched out of his local community by Defendants, acting under color of federal

authority, and thrown into the immigration detention system.  Plaintiff spent three days in a

nightmare, imprisoned in immigration detention centers, being moved from city to city, and

insisting to everyone he could that he was an American citizen.

1

3. When immigration officials finally realized their mistake they dumped Plaintiff on the street in a strange city, with no money, food or way to contact his family.

4. Plaintiff seeks recompense for this serious violation of his civil rights.

## PARTIES

5. Plaintiff Bernardo Medina is an individual and citizen of the United States with his principal residence in Gunnison, Colorado.  Plaintiff's address is 302 S. 2nd, No. 68, Gunnison, Colorado 81230.

6. Defendant Christopher Danaher is, on information and belief, a resident of Colorado. Defendant Danaher is sued in his individual capacity.

7. Defendant Robert Shiflett is, on information and belief, a resident of Colorado.  Defendant Shiflett is sued in his individual capacity.

8. Defendants John/Jane Doe 1-7 or more are persons whose identities are currently unknown to Plaintiff.   These Defendants were involved in Plaintiff's unlawful arrest and detention.  There may be more than 7 unknown Defendants who participated in Plaintiff's unlawful arrest and

detention.  On information and belief, Defendants John/Jane Doe are federal employees or were

acting at the direction of federal employees.

## JURISDICTION AND VENUE

9. This action arises under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971).  Jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1331, 1346.

10. Venue is proper in the Court because the incidents alleged occurred within the jurisdiction of

the United States District Court of Colorado, Plaintiff resides within the Court's jurisdiction, and,

on information and belief, Defendants are subject to this Court's personal jurisdiction.  28

U.S.C.A. § 1391(b)(3).

## STATEMENT OF FACTS

11. Plaintiff was born on May 31, 1994 in Montrose, Colorado.  Plaintiff has lived in Gunnison,

Colorado for the past 5 years.

12. On January 27, 2015, Plaintiff was in Gunnison county court for a routine traffic matter.

13. Plaintiff noticed two men in the courtroom who did not appear to have any business before

the Court.  After Plaintiff's business was concluded the two men from the courtroom followed

Plaintiff outside and aggressively confronted him.  On information and belief, these men may have been Defendant Danaher and Defendant Doe #1

14. Defendant Danaher and Defendant Doe #1 asked Plaintiff if he was "Bernardo Medina." Plaintiff replied that he was and provided the two men with a Colorado photo ID.  Defendants Danaher and Doe #1 proceeded to perform a search of Plaintiff without providing a warrant or asking permission.  Defendants Danaher and Doe #1 did not have permission, probable cause, or reasonable suspicion to search Plaintiff.

15. Defendants Danaher and Doe #1 told Plaintiff that he would have to come to Alamosa to answer some questions.

16. When Defendants Danaher and Doe #1 put Plaintiff into their vehicle, Plaintiff asked if Defendants would take him back to Gunnison once he answered their questions in Alamosa. Defendants indicated they would.

17. At all times while in Defendants Danaher and Doe #1's car, Plaintiff was not free to leave.

18. On information and belief, no Defendant possessed a valid arrest warrant for Plaintiff on January 27, 2015.

19. Upon reaching a detention center Alamosa, Defendants Doe #2, #3, #4, and possibly more began asking Plaintiff questions regarding his "immigration" status.  Plaintiff was taken aback and quickly told Defendant Doe #2, #3, and #4 that he was an American citizen, born just down the road in Montrose.

20. Defendants Doe #2, #3, and #4  told Plaintiff that he was a liar, that he was a Mexican citizen and was in America illegally.

21. Plaintiff continued to protest repeatedly telling the Defendants Doe #2, #3, and #4 that he was born in Montrose.

22. At one point one Defendant went so far as to tell Plaintiff "you don't look like you were born in Montrose", a clear allusion to Plaintiff's Hispanic appearance.

23. Defendant Doe #2, #3, and #4 continued to insist that Plaintiff was an illegal alien and finally told him that if he wanted out, he would have to pay a $12,000 ICE bond.

24. At all times while in the Alamosa detention center, Plaintiff was not free to leave.

25. Sometime on January 27, 2015, Department of Homeland Security Documents were created which attempted to justify and prolong Plaintiff's custody.  Among those documents were a Warrant For Alien Arrest for "Bernardo Medina-Ballesteros", a Notice to Appear for "Bernardo

5

Medina-Ballesteros AKA: Medina, Bernardo", and a Notice of Custody Determination for

"Medina-Ballesteros, Bernardo."  Each of these documents was signed by Defendant Shiflett and

served on Plaintiff by Defendant Danaher.

26. On the evening of January 27, 2015, Plaintiff was transferred to another detention facility in

Colorado Springs, Colorado.  Plaintiff was not free to leave during transfer.

27. Plaintiff continued to try and sort out this mistake, telling an unknown number of Defendant

Does that he was an American citizen.  No one listened.

28. At all times while in the Colorado Springs station, Plaintiff was not free to leave.

29. On January 29, 2015, Plaintiff was transferred to yet another detention facility in Denver,

Colorado.  Plaintiff was not free to leave during transfer.

30. In Denver the process repeated itself with Plaintiff trying in vain to convince an unknown

number of Defendant Does that he was an American citizen.

31. At all times while in the Denver detention center, Plaintiff was not free to leave.

32. During this entire period, Plaintiff's aunt, along friends, family, and immigration rights activists, were trying desperately to secure Plaintiff's release.  They were attempting to present Plaintiff's birth certificate to every official they could get in contact with.

33. No officials encountered by Plaintiff's friends or family provided any help whatsoever in freeing a wrongfully imprisoned American citizen.

34. On information and belief, no Defendant had, up till this point, made any effort to investigate Plaintiff's claim that that he was an American citizen.

35. On January 30, 2015, Defendants at the detention center in Denver somehow figured out that tremendous error had been made in abducting an American citizen.

36. Defendants Doe #5, #6 and #7 and possibly more sat Plaintiff down and began aggressively questioning why he hadn't told them he was an American citizen.

37. Plaintiff was shocked, pointing out that he had been telling every agent this all along.

38. Defendants Doe #5, #6 and #7  accused Plaintiff of lying to them and threatened Plaintiff with some vague prosecution.

39. After these threats, Defendants Doe #5, #6 and #7  sent Plaintiff out the door.

40. Defendants Doe #5, #6 and #7  did not allow Plaintiff to make a phone call or offer to contact his family or friends for him.

41. Plaintiff was left in a neighborhood he had never been to, in a city he knew nothing about with less than five dollars in his pocket, a dead cell phone, and completely confused as to where he was and what had happened.

42. Good Samaritans helped Plaintiff find something to eat and secure lodging, which Plaintiff's family later paid for.

43. The next day Plaintiff's family was able to travel from Gunnison to Denver and bring Plaintiff back to relative safety.

44. All Defendants throughout this entire ordeal acted under color of federal authority.

## CAUSE OF ACTION AND RELIEF

**Pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*,**

**403 U.S. 388 (1971).**

45. Plaintiff incorporates by reference the allegations of paragraphs 1-44 of the Complaint.

46. Defendants performed a search of Plaintiff without a warrant, permission, probable cause or reasonable suspicion.  Defendants were also responsible for Plaintiff being detained for three days without justification.  Defendants' actions violated Plaintiff's 4th Amendment right to be secure in his person and affects from unreasonable searches and seizures.

47. Defendants actions deprived Plaintiff of his freedom with no process given to prove his innocence.  Additionally, in arresting and detaining Plaintiff, Defendants treated Plaintiff differently than other American citizens on account of his race  Defendants' action violated Plaintiffs 5th Amendment rights to due process and equal protection.

48. As a direct and proximate cause of Defendant's actions, Plaintiff suffered severe and substantial damages in an amount to be determined by a jury and the Court.

## REQUEST FOR RELIEF

58.  Plaintiff requests the following relief:

    A.  Judgment in his favor and against Defendants on all the claims set forth above;

    B.  Damages against Defendants and in favor of Plaintiff in an amount to be determined at trial, pre- and post- judgment interest on such award of damages, together with any and all expert witness fees, and reasonable costs and attorneys' fees that may be available;

C.  Such other relief as the Court deems just and equitable under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this the 27th day of July, 2017.

*/s/ Andy R. Richmond*

_____

Andy R. Richmond, No. 45927
Richmond Law Firm, LLC
P.O. Box 2903
Crested Butte, Colorado 81230
Phone Number: 970-315-2053
E-mail: andy@gunnisonlawyer.com
Attorney for Plaintiff Medina