IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00268-PAB-GPG

BERNARDO MEDINA,

    Plaintiff,

v.

CHRISTOPHER DANAHER, in his individual capacity,
ROBERT SHIFLETT, in his individual capacity, and
JOHN/JANE DOES 1-7 or more, all in their individual capacities,

    Defendants.

# ORDER

This matter is before the Court on the Motion to Dismiss by Defendant Shiflett [Docket No. 28]. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of plaintiff's arrest and detention by Immigration and Customs Enforcement ("ICE") officials. Plaintiff is an American citizen who lives in Gunnison, Colorado. Docket No. 26 at 1-2, ¶¶ 1, 5. On January 27, 2015, plaintiff was at the Gunnison county court for a traffic matter when he was confronted by two men. *Id.* at 3-4, ¶¶ 12-13. Plaintiff alleges, "[o]n information and belief," that the men "may have been Defendant [Christopher] Danaher and Defendant Doe #1. *Id.* After plaintiff

---

[1]The facts stated below are drawn from plaintiff's amended complaint, Docket No. 26, and are presumed to be true for purposes of this motion to dismiss.

provided the men with his Colorado identification, defendants conducted a search of plaintiff without providing a warrant or asking for plaintiff's permission. *Id.* at 4, ¶ 14. The men then informed plaintiff that he would need to accompany them to Alamosa for questioning. *Id.*, ¶ 15. After reaching a detention center in Alamosa, Defendant Does #2, #3, and #4 asked plaintiff questions regarding his "immigration status." *Id.* at 5, ¶ 19. Plaintiff informed these defendants that he was an American citizen and had been born in Montrose. *Id.* In response, these defendants accused plaintiff of lying and stated that he was a Mexican citizen who was in the United States illegally. *Id.* at 5, ¶ 20. One of these defendants told plaintiff, "[Y]ou don't look like you were born in Montrose," allegedly referring to plaintiff's "Hispanic appearance." *Id.*, ¶ 22.

Defendant Does #2, #3, and #4 told plaintiff that he could leave the Alamosa detention center by posting a $12,000 ICE bond. *Id.*, ¶ 23. Sometime on January 27, 2015, the Department of Homeland Security issued documents "which attempted to justify and prolong Plaintiff's custody," namely, a Warrant for Alien Arrest, a Notice to Appear, and a Notice of Custody Determination. *Id.* at 5-6, ¶ 25. Each document was signed by defendant Robert Shiflett and served by defendant Danaher. *Id.* at 6, ¶ 25. That evening, defendant was transferred to a detention facility in Colorado Springs, *id.* at 6, ¶ 26, and, on January 29, 2015, was transferred to a detention facility in Denver, Colorado. *Id.*, ¶ 29. At both facilities, plaintiff told an unknown number of Defendant Does that he was an American citizen. *Id.*, ¶¶ 27, 30. During this same period, plaintiff's family members attempted to present plaintiff's birth certificate to any official they could get in contact with. *Id.* at 7, ¶ 32. Despite these efforts, there was no

investigation into plaintiff's claim of citizenship.  *Id.*, ¶¶ 33-34.  On January 30, 2015, defendants learned that plaintiff was an American citizen.  *Id.*, ¶ 35.  After questioning plaintiff as to why he had not told them sooner, defendants released plaintiff from the detention center.  *Id.* at 7, ¶¶ 36, 39.

Plaintiff filed this lawsuit on January 27, 2017 asserting claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for unlawful search and seizure under the Fourth Amendment, denial of due process under the Fifth Amendment, and denial of equal protection under the Fifth Amendment. Docket No. 1.  On August 7, 2017, defendant Robert Shiflett moved to dismiss the claims against him based on qualified immunity.  Docket No. 28.  Plaintiff filed a response to the motion, Docket No. 31, to which defendant replied.  Docket No. 36.  On September 11, 2018, the Court ordered the parties to file supplemental briefs addressing (1) whether a Warrant for Arrest of Alien, a Notice to Appear, or a Notice of Custody Determination is required to state specific facts to support a probable cause determination and, if so, (2) whether the facts asserted can be so facially deficient as to render the issuing officer's determination of probable cause objectively unreasonable. Docket No. 48.  Both parties filed supplemental briefs on September 18, 2018.  Docket Nos. 49, 50.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

In the qualified immunity context, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008).

### III. ANALYSIS

Defendant Shiflett moves for dismissal of plaintiff's claims under the Fourth and Fifth Amendments on the ground that plaintiff has failed, pursuant to qualified immunity analysis, to allege a plausible violation of his clearly established constitutional rights.

4

Docket No. 28 at 1, 3-9.

### A. Fourth Amendment Claim

The Fourth Amendment of the U.S. Constitution "prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017). "Probable cause exists if facts and circumstances within the . . . officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (internal quotation marks omitted). Because probable cause is determined according to an objective standard, *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004), the focus of the inquiry is "whether a reasonable officer would have believed that probable cause existed . . . based on the information possessed by the arresting officer" at the time. *Olsen*, 312 F.3d at 1312.

To assert a plausible claim under the Fourth Amendment, a plaintiff must "state facts which, if true, would establish that there was no warrant, probable cause, or other exigent circumstances rendering the [search or seizure] permissible." *Sanchez v. Bauer*, No. 14-cv-02804-MSK-KLM, 2015 WL 5026195, at *4 (D. Colo. Aug. 26, 2015); *see also Erikson v. Pawnee County*, 263 F.3d 1151, 1154 (10th Cir. 2001) (affirming dismissal of Fourth Amendment claim where, "beyond the conclusory allegation in his complaint that no probable cause existed, plaintiff ha[d] not alleged any specific facts showing there was a lack of probable cause for his arrest and prosecution"); *Mendia v. Garcia*, 165 F. Supp. 3d 861, 889 (N.D. Cal. 2016) (finding allegations sufficient to state

5

a Fourth Amendment claim against ICE officers where plaintiff had alleged sufficient facts showing that an "ICE officer in the same circumstances and with the same knowledge as [the defendants] could not have reasonably believed probable cause existed to place a detainer on Plaintiff"). Conclusory allegations that probable cause was lacking are insufficient to establish a constitutional violation. *See Erikson*, 263 F.3d at 1154; *Keough v. Packard*, No. 13-cv-02485-REB-KLM, 2014 WL 4627193, at *7 (D. Colo. Sept. 15, 2014) (finding that plaintiff's burden to plead the absence of probable cause could not be satisfied by an "unsubstantiated legal conclusion").

Plaintiff's complaint contains only two allegations directly related to defendant Shiflett. First, plaintiff alleges that defendant Shiflett is, "on information and belief, a resident of Colorado" and is being sued in his individual capacity. Docket No. 26 at 2, ¶ 7. Second, plaintiff states that

> [s]ometime on January 27, 2015, Department of Homeland Security Documents were created which attempted to justify and prolong Plaintiff's custody. Among those documents were a Warrant for Alien Arrest for "Bernardo Medina-Ballesteros," a Notice to Appear for "Bernardo Medina-Ballesteros AKA: Medina, Bernardo," and a Notice of Custody Determination for "Medina-Ballesteros, Bernardo." Each of these documents was signed by Defendant Shiflett and served on Plaintiff by Defendant Danaher.

*Id.* at 5-6, ¶ 25. There is no allegation that defendant Shiflett was involved in plaintiff's unlawful arrest or detention in any other capacity. *See Bridges v. Lane*, 351 F. App'x 284, 287 (10th Cir. 2009) (unpublished) (noting that in § 1983 and *Bivens* cases, "it is particularly important that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her" (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.

6

2008)); *see also Mendia*, 165 F. Supp. 3d at 897 (finding that plaintiff had failed to state a plausible *Bivens* claim against ICE Field Officer Director where plaintiff had not "set forth facts to show [that the director] took part in the decision to issue the immigration detainer or had any role . . . in Plaintiff's interrogation" and there were no allegations indicating that the director had ordered the other officers to violate plaintiff's constitutional rights or that he otherwise knew of their conduct). As to the existence of probable cause, plaintiff asserts generally that "Defendants were . . . responsible for Plaintiff being detained for three days without justification." Docket No. 26 at 9, ¶ 46.

The Court finds these allegations insufficient to state a Fourth Amendment claim against defendant Shiflett. Aside from the conclusory allegation that defendants lacked justification to search and detain plaintiff, plaintiff has not asserted any facts demonstrating that defendant Shiflett lacked probable cause to issue the Warrant of Arrest, Notice to Appear, or Notice of Custody Determination prolonging plaintiff's detention.[2] Plaintiff's allegation that he is an American citizen does not, standing alone,

---

[2]The Court directed the parties to file supplemental briefs addressing whether any one of these documents could be so facially deficient as to support a finding that defendant Shiflett lacked probable cause. *See* Docket No. 48. In its response, the government noted that 8 U.S.C. § 1229(a)(1) requires Notices to Appear to include information related to a probable cause determination, including "[t]he acts or conduct alleged to be in violation of the law." Notably, however, neither § 1229(a)(1) nor its accompanying regulation, 8 C.F.R. § 1003.15(b), requires a Notice to Appear to state the factual basis for "*why* the issuer of the NTA believes that 'acts or conduct alleged to be in violation of the law' occurred," Docket No. 49 at 2; *see also* 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.15(b), and the Court also has not identified any case law recognizing such a statutory or regulatory requirement. *Morales v. Chadbourne*, 996 F. Supp. 2d 19 (D.R.I. 2014), appears to be the case most directly on point. There, the court declined to dismiss Fourth Amendment claims for unlawful seizure after finding that the ICE detainer authorizing the plaintiff's continued detention in state custody was invalid on its face. *Id.* at 29, 39. Unlike in *Morales*, however, this case does not involve an ICE detainer. Further, the court in *Morales* determined that the detainer was facially

7

cure this deficiency. "The validity of [an] arrest does not depend on whether the suspect actually committed a crime . . . ." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Moreover, there is no allegation that anyone informed defendant Shiflett of plaintiff's American citizenship so as to support an inference that defendant Shiflett knew or should have known that plaintiff's continued detention would violate his Fourth Amendment rights. *See Mitchell v. Fed. Bureau of Prisons*, 53 F.3d, 342, 1995 WL 261125, at *2 (10th Cir. 1995) (unpublished table decision) ("Liability in a *Bivens* action can only be predicated on actual and knowing participation in alleged unconstitutional conduct."); *Reid v. Pautler*, 36 F. Supp. 3d 1067, 1119 (D.N.M. 2014) ("Government actors may be liable for the constitutional violations that another committed, if the actors set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights . . . ." (internal quotation marks omitted)); *Lyttle v. United States*, 867 F. Supp. 2d 1256, 1285-86 (M.D. Ga. 2012) (finding that plaintiff had stated a plausible Fourth Amendment claim against ICE agent who issued Notice to Appear without making independent probable cause determination where allegations established that agent was aware of plaintiff's assertions of U.S. citizenship). For the foregoing reasons, plaintiff has failed to allege a plausible Fourth Amendment claim against defendant Shiflett.

## B. Fifth Amendment Due Process Claim

Plaintiff also asserts a violation of his procedural due process rights under the

---

deficient because it "specifically stated that Ms. Morales should be held solely because an investigation of her status in the United States had been initiated." *Id.* at 29. The documents signed by defendant Shiflett contain no such statement. *Morales* therefore does not alter the Court's analysis in this case.

Fifth Amendment.[3]  To state a claim under procedural due process, a plaintiff must plead two elements: "(1) a constitutionally protected liberty or property interest, and (2) a governmental failure to provide an appropriate level of process."  *Citizen Ctr. v. Gessler*, 770 F.3d 900, 916 (10th Cir. 2014).

Plaintiff asserts that "Defendants [sic] actions deprived Plaintiff of his freedom with no process given to prove his innocence."  Docket No. 26 at 9, ¶ 47.  However, plaintiff does not identify the type of process that was due to him before being detained.  *See Martin v. Milner*, No. 07-cv-02689-REB-KLM, 2008 WL 4748519, at *9 (D. Colo. Oct. 28, 2008) (finding allegations insufficient to state due process claim where the plaintiff's complaint did "not articulate what type of process (e.g., notice and a hearing) should have been, but was not, provided to her"); *see also Elkins v. District of Columbia*, 690 F.3d 554, 561 (D.C. Cir. 2012) ("To state a procedural due process

---

[3]Although the complaint does not specify whether plaintiff is asserting a violation of procedural or substantive due process, plaintiff's allegations sound in procedural due process.  *See* Docket No. 26 at 9, ¶ 47 (alleging that "Defendants [sic] actions deprived Plaintiff of his freedom with no process given to prove his innocence").  Moreover, plaintiff's response to defendant's motion to dismiss only addresses the sufficiency of the allegations with respect to a procedural due process claim.  *See* Docket No. 31 at 6-7 (citing inquiry applicable to procedural due process claim and arguing that "the assertion that Defendant Shiflett did not . . . provide an appropriate level of process in failing to discover Plaintiff's citizenship . . . is a reasonable inference from Plaintiff's alleged facts").  In any event, plaintiff could not prevail on a substantive due process theory.  As the Supreme Court has stated, when "the Fourth Amendment provides an explicit textual source of constitutional protection against . . . physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [the plaintiff's] claims."  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (stating that "[s]ubstantive due process is . . . inappropriate . . . if [a] claim is 'covered by' the Fourth Amendment"); *Diaz-Bernal v. Myers*, 758 F. Supp. 2d 106, 133 (D. Conn. 2010) (finding that claims arising from unlawful arrest and detention were properly analyzed under the Fourth Amendment rather than under Fifth Amendment substantive due process).

claim, a complaint must suggest 'what sort of process is due.'"). Additionally, although plaintiff accuses defendant Shiflett of not "provid[ing] an appropriate level of process in failing to discover Plaintiff's citizenship," there are no allegations that defendant Shiflett was aware that plaintiff was claiming to be an American citizen. Thus, even assuming plaintiff's claims of American citizenship would have entitled him to a hearing or some other type of process before being detained, plaintiff has failed to allege that defendant Shiflett knowingly participated in the deprivation of plaintiff's procedural due process rights. *See Mitchell*, 1995 WL 261125, at *2.

Plaintiff has failed to assert a plausible claim that defendant Shiflett violated his procedural due process rights. Accordingly, plaintiff's procedural due process claim against defendant Shiflett will be dismissed.[4]

### C. Fifth Amendment Equal Protection Claim

To proceed on an equal protection claim, a plaintiff must allege "that he was treated differently from others who are similarly situated to him, and that the acts forming the basis of [his] claim were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003). Here, plaintiff asserts that the following allegations create a reasonable inference that defendant Shiflett treated plaintiff differently on account of his race: (1) during ICE's interrogation, one "unnamed" defendant told plaintiff, "[Y]ou don't look like you were born in

---

[4]Although defendant does not raise the argument in his motion to dismiss, plaintiff's procedural due process claim is subject to dismissal on the alternative ground that the Fourth Amendment governs plaintiff's claim. *See Shimomura v. Carlson*, 811 F.3d 349, 361-62 (10th Cir. 2015) (holding that the Fourth Amendment provided "the sole source of constitutional protection" for the deprivation of plaintiff's physical liberty and thus plaintiff had "not asserted a valid claim of procedural due process").

Montrose," Docket No. 26 at 5, ¶ 22; (2) defendant Shiflett executed three documents that justified plaintiff's continued unlawful detention. *Id.* at 5-6, ¶ 25; *see also* Docket No. 31 at 8, ¶¶ 22, 24. These allegations fail to state a plausible equal protection violation for two reasons. First, beyond plaintiff's conclusory assertion that "Defendants treated Plaintiff differently than other American citizens on account of his race," Docket No. 26 at 9, ¶ 47, plaintiff has not alleged any facts indicating that he was treated differently from other, similarly situated individuals. *See Murphy v. Colo. Dep't of Corrs.*, 381 F. App'x 828, 833 (10th Cir. 2010) (unpublished) (affirming dismissal of equal protection claim on ground that plaintiff's "conclusory allegation that other similarly situated sex offenders [were] treated differently than him [did] not suffice to state a plausible claim for violation of his equal protection rights" (bracket omitted)); *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998) ("The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action . . . ."). Second, even if the allegations could give rise to such an inference, there are no facts indicating that defendant Shiflett acted with a discriminatory purpose in signing the arrest warrant, Notice to Appear, and Notice of Custody Determination. Plaintiff argues that "[a] reasonable inference can be drawn from the order of the[] alleged facts that Defendant Shiflett was at minimum aware of the insinuations of the interrogating officer" regarding plaintiff's race and nationality. Docket No. 31 at 9, ¶ 26. But plaintiff does not assert any facts indicating that defendant Shiflett was aware of the officer's statement, and the Court finds it unreasonable to infer a discriminatory purpose based on the "order" of plaintiff's allegations. Moreover, even assuming defendant Shiflett was aware of the interrogating

officer's statement, there is nothing in the complaint to suggest that defendant Shiflett himself acted with a discriminatory purpose. *See Pahls v. Thomas*, 718 F.3d 1210, 1236-37 (10th Cir. 2013) (stating that, when an action "arises in the *Bivens* . . . context, plaintiffs must show that 'each defendant' harbored a discriminatory purpose" and thus "even if it is reasonable to infer that one public official acted with discriminatory intent, it does not necessarily follow that another official did so as well"); *Dodds v. Richardson*, 614 F.3d 1185, 1200 (10th Cir. 2010) (stating that, to establish liability under § 1983, plaintiffs must "prove each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation").

Plaintiff has failed to plead sufficient facts demonstrating that defendant Shiflett violated plaintiff's equal protection rights. Plaintiff's equal protection claim against defendant Shiflett will therefore be dismissed.[5]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion to Dismiss by Defendant Shiflett [Docket No. 28] is **GRANTED**. It is further

**ORDERED** that defendant Robert Shiflett is dismissed from this lawsuit.

---

[5]Because plaintiff has failed to assert a plausible violation of his constitutional rights, the Court need not determine whether plaintiff's rights were clearly established or whether it would be appropriate to imply a *Bivens* remedy based on the allegations in the complaint.

DATED September 21, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge